IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| PENNYMAC CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: 1:15-CV-4 (WLS) |
| v. | : | |
| | : | |
| JOE ARNOLD, and | : | |
| JOHN OR JANE DOES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Pending before the Court is Plaintiff Pennymac Corporation's Motion to Remand. (Doc. 6.)  For the reasons that follow, the Motion to Remand (Doc. 6) is **GRANTED-IN-PART and DENIED-IN-PART.**

On November 20, 2014, Plaintiff Pennymac Corporation ("Pennymac") filed a dispossessory warrant against Defendant Joe Arnold "and all others" in possession of property at 1408 West Whitney Avenue, Albany, GA 31707 for failure to pay rent.  (Doc. 6-4 at 2.) After a writ of possession was issued by the Magistrate Court of Dougherty County, Georgia, Arnold filed an appeal and the referenced Court set a hearing for January 8, 2015, at 9:30 a.m. in Albany, Georgia.  (Docs. 6-6, 6-7 & 6-8.)  On January 7, 2015, Arnold filed a Notice of Removal in this Court.  (Doc. 1.)  Therein, Arnold makes no coherent argument and cites no law to support a finding that this Court has subject matter jurisdiction over his suit.  (*See id.* at 5.)

A defendant may remove a case from state court within thirty days from when the initial complaint is received by the defendant, or when the case otherwise becomes one over which a federal court would have original jurisdiction.  28 U.S.C. §§ 1441, 1446(b)(1).  Subject matter jurisdiction exists by virtue of federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where all plaintiffs are citizens of

1

different states than all defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time during the course of the suit's pendency the court lacks jurisdiction, the case must be remanded back to the state court from whence it came. 28 U.S.C. § 1447(c). Removal statutes are strictly construed "[b]ecause removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). However, courts should be mindful that removal is not to be used to gain a tactical advantage by avoiding an inconvenient trial setting. *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F. Supp. 683, 687 (S.D. Ala. 1985).

"[J]urisdictional facts are assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). A court may not engage in "impermissible speculation" as to the amount in controversy without any evidence on the value of the claims at issue in a case. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). The party advocating for removal may introduce evidence demonstrating that jurisdictional requirements are satisfied. *See Pretka*, 608 F.3d at 774-75. The removing party has the burden to prove facts supporting jurisdiction by a preponderance of the evidence. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

The Court agrees with Pennymac's assertion that the Court lacks subject matter jurisdiction over this suit. Arnold admits that he and Pennymac are citizens of Georgia. (Doc. 1-1 at 1.) Therefore, the Court cannot have diversity jurisdiction over this case. Also, Arnold does not cite any law that would support a finding that this Court has federal question jurisdiction over this suit. Arnold did not attach the complaint filed against him in state court. As such, the Court concludes that Arnold failed to meet his burden of establishing jurisdiction by a preponderance of the evidence.

Pennymac requests that the Court order Arnold to pay its costs and attorneys' fees under 28 U.S.C. § 1447(c). (*Id.* at 10-11.) That Section provides as follows:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c). "A district court has discretion to award attorneys' fees under § 1447(c) 'only where the removing party lacked an objectively reasonable basis for seeking removal.' " *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

Although the Court finds that Arnold lacked an objectively reasonable basis to remove this matter, the Court nonetheless declines to assess him with attorneys' fees pursuant to 28 U.S.C. § 1447(c). Arnold is representing himself *pro se* in a dispossessory action. In his Notice of Removal, Arnold cited federal law and "complain[ed] of . . . deprivations of fundamental Rights guaranteed by the U.S. Constitution." (Doc. 1 at 5.) The Court does not find it implausible that many laypeople reasonably—albeit unreasonably—believe that the U.S. Constitution applies to private actors. Based on the nature of the underlying state action, and because Arnold was proceeding *pro se* with at least some arguable basis for removal, the Court finds that attorneys' fees under § 1447(c) is inappropriate. As such, the request for such fees is **DENIED.** However, Arnold is forewarned that further unfounded action in view of this order may subject him to sanctions, including attorneys' fees.

For the reasons stated above, Plaintiff Pennymac Corporation's Motion to Remand. (Doc. 6) is **GRANTED** and this matter is hereby **REMANDED** to the State Court of Dougherty County, Georgia. Defendant Joe Arnold's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED AS MOOT.**

**SO ORDERED**, this  20th  day of February 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3